May it please the court and good morning. Jordan Schreuler on behalf of Petitioner. The first issue that I would like to address, further substantial evidence supports the agency's conclusion that Petitioner was ineligible for cancellation of removal. At the time, as the court is aware, there were no conviction documents in the record. The IJ, though, however, came to a legal conclusion that the Petitioner was ineligible for cancellation of removal without analyzing anything. He came to the legal conclusion that this was a crime of domestic violence, obviously speaking of his 273.5 conviction, and that it was a crime involving moral turpitude. He could not analyze anything because, as I stated, there were no conviction documents in the record. Therefore, I feel that this case should be remanded for further fact-finding until the immigration judge can analyze these convictions and give a well-thought-out and reasoned analysis on how he came to his conclusion of law that the respondent at the time, the Petitioner, for today's purposes, was ineligible for cancellation of removal. Specifically, the IJ made a legal conclusion that the 273.5 was perpetrated against a protected person. He could not come to that conclusion because there was no analysis possible because there were no conviction documents. I would not concede that. I realize there is an issue that it is probably a crime of violence under Banuelos. However, a 273.5 conviction, you can be convicted for 273.5 for perpetrating this crime against a person who is not protected. For instance, a fiancé is not in the federal definition of a protected person. However, it is in the definition of the state conviction for a former cohabitant. Or let's say, for example, two brothers got into a scuffle and they cohabitate. Is this really a crime involving moral turpitude? Obviously, this case was ruled to not be a crime involving moral turpitude, but that is just an example of how someone could be convicted under 273. The government declined to exercise prosecutorial discretion because your client is a civil immigration priority, too, because of his conviction for domestic violence. But he has lived in this country since 1993. Right? Yes, sir. How old was he when he came here? I think 21 or 22, I believe. He's a young man. He's now 43. That's correct. And he's married to his wife as a naturalized citizen, and he has two daughters who were 18. Is that right? Yes, sir. Yes, Your Honor. And he owns a carpet cleaning and trucking business in Cathedral City. Right? Yes, Your Honor. And his domestic violence conviction goes back to 1897. That's 18 years ago. Yes, Your Honor. Since that time, this is what my notes show me, that he's become a respected man in his community, and a good father, a good husband, and he and his wife run a carpet cleaning business. Yes, Your Honor. How many people work in that business? To be honest with you, I'm not sure. I know he does. Well, you always have to be honest. You don't know. Yes, my answer is I'm not sure. He definitely has, I would say, between 5 and 10 employees, somewhere around that. You're just guessing? Based on my information at the time, yes, I am guessing. I haven't specifically asked him how many people worked for him at our last meeting. I was just thinking, because of these factors, and maybe the way to go here would be to go to mediation. Have you thought about that? I believe my predecessor, Counsel Thomas Lappin, tried to mediation, was denied for this case. How long ago was that? It's my understanding from Mr. Lappin that he has made recent attempts over the past six months to get this case into mediation, and this conviction, I believe, is the reason that the government has declined to take this case off the active docket and put it in mediation. You want to save two minutes, 25 seconds? Yes, I would just like to add one thing very quickly, and I would like to save the last two minutes. As the Court is well aware, 273.5, it's now not categorically a CIMT, and while it's changing, and I don't think that it should be categorically a crime of domestic violence for the reasons stated earlier, especially with Moncrief and Olivas-Mata. Now, good luck. I would like to save the last minute and a half for rebuttal. Thank you. Good morning. Did this go to mediation at one time? No, Your Honor, it wasn't placed in mediation. The Court issued an order for us to consider whether Petitioner would qualify, and we determined that our client declined to do so, so we did not need to place that case into mediation. I'm sorry, may it please the Court, Elizabeth Kerlin on behalf of the United States Attorney General. Well, why wouldn't this be a good case to mediate? You know, his wife's a citizen. His children are born here. He runs a business. The family wants him here. The wife wants him here. He's employing people. He has a good reputation in the community. What do we have to gain by throwing him out of his country? Your Honor, the factors that DHS uses to determine whether an individual is eligible for prosecutorial discretion are not reviewable by this Court, and the fact of the matter is Petitioner has a criminal history, which includes convictions for petty theft and his domestic violence conviction, and that, as Your Honor acknowledged earlier, places him in a Priority 2 category for removal. This domestic violence conviction is something that remains on his record. He received it as he testified and admitted to from an incident with his spouse where he hit her in the face so hard that it caused her eye to bleed. For whatever reason, we cannot go back and look at that. That conviction remains. He has admitted to that, and that is the reason why the Board... That was 18 years ago, right? Yes, Your Honor, and he was also arrested in 2000 for that same charge, but for that same reason, but charges were never brought by the individual, his wife. So he was arrested, but there's no... That ended the matter. He admitted to the fact that he was arrested for that reason, Your Honor, but again, we cannot look at the factors as to what DHS considers. All we know is that because of the conviction, which remains on his record, a petty theft conviction, he remains a Priority 2, and therefore prosecutorial discretion is not appropriate in his case. His domestic violence conviction, which he admitted to, is the reason why the Board determined that he has been convicted of a crime of domestic violence and why he's ineligible for cancellation of removal. He never challenged that claim before that decision or that aspect of the Board's decision, or the Immigration Judge's decision before the Board. He still does not dispute that. His primary focus has been on whether that qualifies as a punishment because, as the Board acknowledged, it did not need to reach that question because it already determined that it was a crime of domestic violence and therefore rendered him ineligible for cancellation of removal. In addition, substantial evidence... The law is changing in that area. Your Honor, the law has not changed in that area. What the law has changed is with regards to burden of proof. The burden of proof in Almanza-Arenas does not apply to this case for two very important reasons. The first is that Petitioner has never disputed that he has been convicted of 273.5. That is undisputed. And so therefore, he never challenged that finding before the Board. He didn't exhaust that. And second of all, this Court's case law, which still stands and has been repeatedly affirmed in several unpublished decisions, is that 273.5 categorically qualifies as a crime of domestic violence. So therefore, Almanza-Arenas, the issues of burden of proof and an inconclusive conviction record, those don't apply to this case because this Court's established case law has already found that it categorically qualifies as a crime of domestic violence. And that's why he's ineligible for cancellation of removal. And those decisions still stand. So the question about burden of proof is not at issue in this case, particularly when Petitioner has already admitted and does not dispute, and he stated that... Do you have anything nice to say about him? Your Honor, I'm here to defend the agency's decision. The agency has to have a heart too, right? I think that the agency did have the heart to consider whether he could potentially be eligible for cancellation, but unfortunately it cannot do so when the statute in Congress has provided that he's not eligible because of that conviction. Congress chose to make that distinction, not the agency. And the agency cannot go beyond what Congress has provided. Well, what about all these new policies that have been issued by the President? Again, with regards to prosecutorial discretion, Your Honor, those factors are something that is outside, that's solely within the discretion of DHS. And according to the standards and the factors that are listed, he unfortunately remains a priority too for removal, so he cannot... You need to get a job as a public defender. I take that as a compliment, Your Honor. It is a compliment. Thank you, but I apologize, but again, I'm here to defend the agency's decision. And I would argue also that substantial evidence supports the Board's independently dispositive determination that he did not establish a well-founded fear of persecution, even assuming that he's a member of a particular social group. No, I don't think there's anything to that. So if the Court doesn't have any further questions, I would just like to conclude by saying that the Court should deny the petition. So you'll cede one minute and 53 seconds? Yes, Your Honor. Okay. Thank you. Your Honor, in rebuttal, he did admit to the conviction. However, he never, ever conceded that it was a crime of domestic violence. All he conceded was the conviction. Now, this Court ruled in Morales-Garcia v. Holder that a 273.5a is categorically not a CIMT. More importantly, as far as the domestic violence, in Vargas-Cervantes... What was the first sentence you uttered? Excuse me? Of the issue of domestic violence. You lowered your voice. More importantly, to go to the issue of domestic violence, if the Court examines the administrative record, the respondent never conceded that this was a domestic violence conviction. It was a CIMT at the time, and I believe the respondent, now the petitioner, did concede that it was a CIMT. However, as the Court is aware, that has changed. Under current case law, this conviction is categorically not a CIMT. And, more importantly, the holding in Vargas-Cervantes v. Holder, which ruled, once again, that a 273.5a is not categorically a CIMT, is very important in the analysis and reasoning this Court came to reach the conclusion that the BIA erred by looking at evidence outside the conviction documents. In that case, in open court, the respondent admitted that the person who he committed the crime of violence upon was his spouse. However, the Court's holding in Vargas-Cervantes v. Holder says that the IJ erred by looking at evidence outside the conviction documents to conclude that the person whom this crime of violence was committed upon was his spouse and, therefore, a protective person. And I think the fact that we never conceded that it was a crime of domestic violence and the reasoning in Vargas-Cervantes v. Holder is directly on point with the issue today. I understand your argument. Your time is up. Thank you. This matter is submitted.
judges: Pregerson, Fernandez, Nguyen